## INHABITANTS OF SPENCER vs. PHINEAS JONES.

A sale by a town to the lowest bidder of the right of collecting taxes, without any pro-
vision as to his qualifications for the office of collector of taxes, or any other election,
is void; and the town cannot maintain an action against him for the amount bid, although
he acts as collector for the year.

ACTION OF CONTRACT to recover the sum of $47.50 which the
defendant promised to pay the plaintiffs for the privilege of be-
ing their collector of taxes for the year 1854. The parties sub-
mitted the case to the decision of the court upon the following
statement of facts :

" On the first Monday of March 1854 the plaintiffs held their
annual town meeting for the choice of town officers for the year
ensuing; and the warrant by which said meeting was called
contained the following article : 'Article 15th. To see in what
method the collectors of taxes shall be chosen.' The town
record of the proceedings under said article is in the following
words : 'Art. 15th. Voted, that the taxes be collected by the
lowest bidder. They were struck off to Phineas Jones, who
gives a bonus of forty seven dollars and fifty cents for the priv-
ilege of being collector ; who was immediately sworn to the
faithful discharge of his duties.' Besides which there is no fur-
ther or other record of any choice of the defendant to said office
of collector of taxes, nor was any other method of choosing
him used. After it was voted that the taxes be collected by
the lowest bidder, the moderator of said meeting immediately
put said office up at auction. No provision with regard to the
fitness or qualifications of those who might bid for the office
was expressly stipulated. The defendant entered upon the
duties of said office, and collected the taxes of the town for said
year."

P. E. Aldrich, (P. C. Bacon with him,) for the plaintiffs. The
contract between the parties was a legal contract. It was not
a sale of a public office, and therefore not in contravention of
the law against such sales. Alvord v. Collin, 20 Pick. 428.

The consideration for the defendant's promise was the privilege of being collector, and the right to use the money between the time of collecting it and the time when he was required by law to pay it over. Notwithstanding there was no express stipulation respecting the qualifications of the person who might be the lowest bidder, yet it must be supposed " that the auction proceeded on the terms, that the lowest bidder should be appointed, provided that he was a suitable person to perform the duty." 20 Pick. 429. The mode of electing collectors of taxes may be determined by the meeting at which they are chosen. Rev. Sts. *c.* 15, § 34. It was not therefore necessary, after the defendant had bid off the collection of taxes, to elect him by ballot, or in any other manner.

*W. T. Harlow*, for the defendant.

THOMAS, J. The office of collector is charged with important duties, not confined to the collection of taxes ; as the returning the lists of persons who have paid taxes, to the selectmen, to enable them to make out the list of voters ; the giving to the voter the receipt of his payment of the necessary tax—a receipt which is made by law presumptive evidence of payment, wherever presented. Rev. Sts. *c.* 3, §§ 2, 3. In the collection of taxes he is invested with large powers—to seize not only the property, but the persons of the citizens ; to follow one taxed throughout the Commonwealth, and commit him to prison in whatever county he is found ; to bring suits for the collection of taxes in the e ; to sell the real estate necessary for the payment of if, in the opinion of the collector, it cannot be conveniently ded, to sell the whole parcel taxed. Rev. Sts. *c.* 8, §§ 3–19. *Sts.* 1842, *c.* 34 ; 1848, *c.* 166. The faithful execution of these duties requires vigilance and sound judgment, familiarity with the laws regulating the assessment and collection of taxes, and strict integrity. Few of our town officers have more important duties to perform, or are entrusted with the exercise of larger power town in the

This office was by the plaile and collecto at auction, and sold without qualification to theoffice at vendr lder. The defendant agreed to buy it for $47.50, act the action is brought for the

price. There was no agreement to elect, and no. election. The action then is for the price of an office of importance and trust, sold at auction. It arises directly between the parties to the sale. It cannot be maintained.

Such a bargain is void, upon the most obvious principles of public policy. There are no reasons which would justify the giving this office to the lowest bidder, which would not apply to that of assessor or treasurer.

The promise is also without consideration; for the collector has no right to any beneficial use of the money collected for the town. Such use is a breach of his trust. Once, indeed, in two months he is, if required, to exhibit to the selectmen a true account of all moneys received on taxes committed to him, and produce the treasurer's receipts for all money paid into the treasury by him. Rev. Sts. *c.* 8, § 45.

In *Alvord* v. *Collin*, 20 Pick. 418, the action was between third parties. In that case,[*] there is a strong intimation by the court, that if the condition of the arrangement was that the person who would collect the taxes for the lowest sum should, at all events, without regard to fitness or qualification, receive the appointment, it would be illegal and void. Precisely the case supposed has arisen. *Judgment for the defendant.*

---

[*] The record of the proceedings of the ▮▮▮▮▮▮ that case was thus :

" Chose Capt. Absalom Deming constab▮▮▮▮▮▮▮▮r. Capt. Deming was appointed collector by bidding off said ▮▮▮▮▮▮▮▮e ; for which the town voted in favor, for which he was to colle▮▮▮▮▮▮xes of said town for five per cent., and to procure bonds for his faithful performance to the satisfaction, and sworn."